# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN A. KREMER, | : | |
| Plaintiff, | : | Case No. 2:09-cv-84 |
| v. | : | Judge Holschuh |
| MARTHA GARLAND, et al., | : | Magistrate Judge Abel |
| Defendants. | : | |
| | : | |

## MEMORANDUM OPINION & ORDER

Plaintiff Steven A. Kremer filed suit against Martha M. Garland and Richard Hollingsworth seeking relief under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Plaintiff alleges that Defendants retaliated against him for exercising his First Amendment right to free speech and deprived him of his Fourteenth Amendment due process rights by defaming him and constructively discharging him without the opportunity for a meaningful name-clearing hearing. This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. For the reasons set forth below, the Court grants Defendants' motion.

## I.   Background and Procedural History

Plaintiff Steven Kremer was employed by The Ohio State University ("OSU") as Assistant Vice President of Student Affairs and the Director of Student Housing until his resignation in January 2008. (Am. Compl. ¶¶ 4, 21.) During his time at OSU, Kremer worked under the supervision of Vice Provost Martha Garland and Vice President of Student Affairs Richard Hollingsworth. (Am. Compl. ¶¶ 5-6.)

At some point in September 2006, Kremer and Garland met for lunch. During the meeting, Kremer voiced his concern that OSU had "sidestepped the 'separate primes' provisions" of Ohio Revised Code § 153.50 when awarding contracts for OSU's MBA housing project.[1] (Am. Compl. ¶¶ 9-10.) Kremer had been excluded from participating in this particular housing project because his wife works for OSU's Business College. Garland revealed Kremer's comments to University Provost Barbara Snyder. Snyder subsequently informed Hollingsworth of Kremer's comments and asked him to "do something about Kremer." In April 2007, while Kremer was on vacation, Hollingsworth placed him on administrative leave. Kremer alleges that this was done, in part, because of his comments to Garland about the MBA housing project. (Am. Compl. ¶¶ 11-13.)

According to Kremer, beginning on April 18, 2007, and continuing beyond December 1, 2008, Hollingsworth and other OSU administrators made negative and derogatory statements regarding Kremer's job performance, alleging that he was incompetent and could not be trusted. (Am. Compl. ¶¶ 14-15.) Kremer requested an external review of his performance in addition to an opportunity to rebut the accusations through a name-clearing hearing. Defendants denied both requests. (Am. Compl. ¶¶ 16-17.) Believing that OSU would soon terminate him and that he had no real prospects for other positions within the university, Kremer resigned from his position on January 8, 2008. (Am. Compl. ¶¶ 19-21.)

On February 2, 2009, Kremer filed this action, seeking relief under 42 U.S.C. § 1983, against Garland and Hollingsworth in their official and individual capacities. (Am. Compl. ¶ 7.)

---

[1] This statute provides that governmental agencies engaged in public improvements with an estimated cost of more than $5000 must require separate and distinct bids for (1) plumbing and gas fitting; (2) steam and hot-water heating, ventilating apparatus, and steam-power plant; and (3) electrical equipment.

Count I of the Amended Complaint alleges that Defendants, while acting under color of state law, retaliated against Kremer for exercising his First Amendment right to free speech. (Am. Compl. ¶¶ 3, 25.) Count II alleges that Defendants violated his Fourteenth Amendment procedural due process rights. (Am. Compl. ¶¶ 3, 27.) Kremer seeks compensatory and punitive damages as well as equitable and injunctive relief.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants have moved to dismiss Plaintiff's claims for equitable or injunctive relief for failure to state a claim upon which relief can be granted. Defendants also argue that Plaintiff's claims for damages, brought against them in their official capacities, are barred by the Eleventh Amendment. Additionally, Defendants assert that Plaintiff waived any right to sue Defendants in their individual capacities by filing suit in state court against OSU based on the same acts. In the alternative, Defendants argue they are entitled to qualified immunity.

## II. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted. Because a motion under Rule 12(b)(6) is directed solely to the complaint itself, Roth Steel Prods. v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983), the focus is on whether the plaintiff is entitled to offer evidence to support the claims, rather than on whether the plaintiff will ultimately prevail. Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 184 (2005) (citing Scheuer v. Rhodes, 4l6 U.S. 232, 236 (1974)). The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).

If there is an absence of law to support the type of claim made, or if the facts alleged are insufficient to state a valid claim, or if on the face of the complaint there is an insurmountable bar to relief, dismissal of the action is proper. Little v. UNUMProvident Corp., 196 F. Supp.2d 659, 662 (S.D. Ohio 2002) (citing Rauch v. Day & Night Mfg. Corp., 576 F.2d 697 (6th Cir. 1978)).

The function of the complaint is to afford the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. See Conley v. Gibson, 355 U.S. 41, 47 (1957); Lewis v. ACB Business Serv., Inc., 135 F.3d 389, 405 (6th Cir. 1998). A complaint need not set down in detail all the particularities of a plaintiff's claim. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." However, "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. See also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("A formulaic recitation of the elements of a cause of action" is not enough). The complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988) (emphasis in original).

Legal conclusions "must be supported by factual allegations" that give rise to an inference that the defendant is, in fact, liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949-50. The factual allegations must show more than a possibility that the defendant acted unlawfully. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. at 1949 (quoting

4

Twombly, 550 U.S. at 557).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. See Scheuer, 4l6 U.S. at 236; Arrow v. Federal Reserve Bank of St. Louis, 358 F.3d 392, 393 (6th Cir. 2004); Mayer, 988 F.2d at 638. The court will indulge all reasonable inferences that might be drawn from the pleading. See Saglioccolo v. Eagle Ins. Co., 112 F.3d 226, 228 (6th Cir. 1997). However, it will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. See Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000); Lewis, 135 F.3d at 405.

### III. Analysis

In his Amended Complaint, Plaintiff seeks relief under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. That statute states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in any action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983.

This statute "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979)). In order to recover under § 1983, a plaintiff must prove that the defendant, while acting under color of state law, violated rights secured by the Constitution or laws of the United States. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).

5

Here, Plaintiff alleges that Defendants, while acting under color of state law, violated his First Amendment right to freedom of speech by retaliating against him after he voiced concerns about how OSU was awarding contracts on the MBA housing project. Plaintiff also alleges that Defendants violated his Fourteenth Amendment due process rights by constructively discharging him without an opportunity for a meaningful name-clearing hearing. Plaintiff brings his claims against Defendants Garland and Hollingsworth in their official and individual capacities. Official capacity suits serve as another way to impose liability on the entity of which the officer is an agent. Individual capacity suits, on the other hand, seek to impose personal liability on the official who acted under the color of state law. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Plaintiff seeks compensatory and punitive damages as well as equitable and injunctive relief, including a meaningful name-clearing hearing.

### A. Claims for Damages

In their motion to dismiss, Defendants argue that any money damages sought against Defendants in their official capacities are barred by the Eleventh Amendment to the United States Constitution. They also argue that by filing suit in the Ohio Court of Claims, Plaintiff waived his right to recover damages against Defendants in their individual capacities. The Court finds that Defendants are entitled to summary judgment as a matter of law on all claims for money damages.

#### 1. Official Capacity Claims Barred by the Eleventh Amendment

The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. While the text of the amendment appears to prohibit

only suits against states by citizens of other states, courts have held that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). The protection of the Eleventh Amendment extends not only to the state itself, but also to state officers when the state is the real party in interest. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 (1984).

Any claim against state officials in their official capacities is tantamount to a claim against their office, an instrumentality of the State. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office . . . As such, it is no different from a suit against the State itself."). The Sixth Circuit has consistently held that Ohio's public universities are instrumentalities of the state. Galli v. Morelli, 277 F. Supp.2d 844, 859 (S.D. Ohio 2003) (citing Hall v. Medical Coll. of Ohio at Toledo, 742 F. Supp.2d 299, 307 (6th Cir. 1984)). In addition, this Court has specifically found OSU to be an instrumentality of the state for purposes of Eleventh Amendment immunity. Hines v. Ohio State Univ., 3 F. Supp.2d 859, 869 n.5 (S.D. Ohio 1998). Plaintiffs do not dispute that Defendants, as employees of OSU, are entitled to Eleventh Amendment immunity with respect to claims for money damages brought against them in their official capacities.

## 2. Ohio Court of Claims Waiver

Although the Eleventh Amendment bars claims for money damages against Defendants in their official capacities, it does not bar claims for money damages brought against Defendants in their individual capacities. Turker v. Ohio Dep't of Rehab. and Corrections, 157 F.3d 453, 457 (6th Cir. 1998). Defendants argue, however, that Plaintiff waived these claims by filing an action in state court based on the same set of facts that serve as the foundation of the instant action.

7

The Ohio Court of Claims Act provides, in relevant part, that "[f]iling a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any state officer or employee." Ohio Revised Code § 2743.02(A)(1). If a plaintiff elects to sue in the Ohio Court of Claims, he or she is precluded from bringing *any* cause of action, state or federal, against individual state employees based on the same facts that form the basis of the Court of Claims action. Leaman v. Ohio Dep't of Mental Retardation and Dev. Disabilities, 825 F.2d 946, 952 (6th Cir. 1987); Turker, 157 F.3d at 457. The statutory waiver bars federal actions based on the same acts or omissions even though the federal action may assert different claims for relief or different legal theories. Thomson v. Harmony, 65 F.3d 1314, 1319-20 (6th Cir. 1995).

In Thomson, the University of Cincinnati College of Medicine expelled the plaintiff, a clinical fellow. He filed a § 1983 action in federal court alleging that defendants violated his First Amendment and due process rights. He then filed suit in the Court of Claims alleging breach of contract, defamation, and other state law claims. Defendants moved to dismiss the federal suit, arguing that because the claims filed in the Court of Claims were "based on the same act or omission," the federal claims were barred by § 2743.02. The district court agreed and dismissed all remaining claims. Plaintiff appealed. He attempted to distinguish the constitutional claims filed in federal court from the contract and tort claims filed in state court, arguing that each constituted a distinct cause of action. The Court rejected this argument. It stated, "Thomson mistakenly assumes that the state and federal action have to share the same *legal* or theoretical foundation." Id. at 1319 (emphasis in original). "However, the same 'acts' of retaliation by the defendants form the basis of his state court causes of action for defamation and promissory estoppel, and the statute

8

specifically refers to an 'act' rather than an 'allegation' or 'claim.'" Id.

Here, Plaintiff filed suit in the Court of Claims of Ohio prior to filing the instant action. (Ex. A to Defs.' Mot. to Dismiss). He argues that the action filed in the Court of Claims is based on different acts or omissions than those that form the basis of the instant action. Specifically, Plaintiff argues that the acts or omissions at issue in the Court of Claims involved the publication of false statements; in contrast, the acts or omissions at issue here involve the peremptory imposition of administrative leave and denial of a meaningful name-clearing hearing. He argues that the defamatory statements that form the basis of his claims in state court are simply "background facts" here.

The Court disagrees with Plaintiff's characterization. A comparison of the two actions clearly establishes that the Court of Claims case and the Amended Complaint filed here are based on the same "acts." Both allege that after Plaintiff voiced concerns to Garland about contracts awarded on the MBA housing project, Hollingsworth placed Plaintiff on administrative leave and allegedly made negative and derogatory statements about him, resulting in his constructive discharge. The Court of Claims complaint includes causes of action for wrongful discharge, slander/defamation, intentional infliction of emotional distress, and retaliation. Although the Amended Complaint in the instant action asserts different legal theories, *i.e.*, First Amendment retaliation and due process violations, it clearly relies on the same acts underlying the claims filed in state court. The Court therefore finds that Plaintiff waived his claims for damages against Defendants in their individual capacities by filing the action in the Court of Claims of Ohio.[2]

---

[2] Because the Court finds that Plaintiff has waived his claims for damages against Defendants in their individual capacities, there is no need to address the topic of qualified immunity.

9

### B. Claims for Prospective Injunctive Relief

The Eleventh Amendment and the Ohio Court of Claims Act bar the recovery of money damages in this case; however, they do not preclude Plaintiff from seeking prospective injunctive relief. See Ex Parte Young, 209 U.S. 123 (1908); Edelman, 415 U.S. at 666; Thomson, 65 F.3d at 1321; Turker, 157 F.3d at 456. In this case, in addition to damages, Plaintiff seeks prospective injunctive relief in the form of a "meaningful name-clearing hearing."

Although Plaintiff alleges that Defendants violated his First Amendment right to freedom of speech *and* his Fourteenth Amendment due process rights, the prospective injunctive relief sought, *i.e.*, a name-clearing hearing, clearly relates only to the alleged Fourteenth Amendment due process violation. Therefore, there is no need for the Court to consider the adequacy of Plaintiff's allegations with respect to his First Amendment claim.

With respect to the Fourteenth Amendment due process claim, Defendants argue that Plaintiff is not entitled to the injunctive relief requested because Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. Plaintiff alleges that Defendants violated his procedural due process rights by publishing false statements about him, placing him on administrative leave, and constructively discharging him without providing with a meaningful and public opportunity to clear his name and defend his reputation. (Am. Compl. ¶¶ 3, 27.)

The Fourteenth Amendment provides, in relevant part, that no State shall "deprive any person of life, liberty or property, without due process of law." U.S. Const. amend. XIV, § 1. "To sustain a procedural due process claim, a plaintiff must first demonstrate the existence of a protected liberty or property interest." Joelson v. U.S., 86 F.3d 1413, 1420 (6th Cir. 1996) (citing Board of Regents v. Roth, 408 U.S. 564, 569-70 (1972)). Once a protected property or liberty interest is

implicated, a plaintiff is entitled to notice and an opportunity to be heard. Defendants argue that because Plaintiff has failed to sufficiently allege a protected property or liberty interest, he is not entitled to any due process protections. The Court agrees.

### a. Property Interest

In order to establish a protected property interest in his job, Plaintiff must show that he has a legitimate claim of entitlement to it. Roth, 408 U.S. at 578. Citing Perry v. Sindermann, 408 U.S. 593, 601 (1972), Plaintiff argues that he and OSU had a "mutually explicit understanding" that he would maintain his status as the Vice President of Student Affairs and Director of Student Housing. However, as Defendants correctly point out, Plaintiff's position as a university administrator is unclassified, see Ohio Revised Code § 134.11(A)(7)(a), and "unclassified civil servants have no property right to continued employment." Christophel v. Kukulinsky, 61 F.3d 479, 482 (6th Cir. 1995). In short, Plaintiff had no legitimate claim of entitlement to his job, explicit or implicit. The Court therefore finds that Plaintiff has failed to allege a protected property interest.

### b. Liberty Interest

"[A] person's reputation, good name, honor, and integrity are among the liberty interests protected by the due process clause of the fourteenth amendment." Chilingirian v. Boris, 882 F.2d 200, 205 (6th Cir. 1989) (citing Roth, 408 U.S. at 573). However, in the employment context, damage to one's reputation alone is insufficient to establish a protected liberty interest and to trigger the procedural protections of the Due Process Clause. A plaintiff must satisfy the "stigma-plus" test articulated in Paul v. Davis, 424 U.S. 693 (1976), showing "that the state's action both damaged his or her reputation (the stigma) and that it 'deprived [him or her] or a right previously held under state law' (the plus)." Doe v. Michigan Dep't of State Police, 490 F.3d 491, 502 (6th Cir. 2007) (quoting

11

Paul, 424 U.S. at 708).

Plaintiff alleges that Defendants' conduct damaged his reputation; however, this is not enough. The Sixth Circuit has clearly held that unless the stigmatizing statements are made in connection with a plaintiff's termination, there is no deprivation of a liberty interest that would entitle a plaintiff to a name-clearing hearing. See Quinn v. Shirey, 293 F.3d 315, 320 (6th Cir. 2002) (quoting Brown v. City of Niota, 214 F.3d 718, 722-23 (6th Cir. 2000)) ("the plaintiff must demonstrate that the stigmatizing statements were made in conjunction with the plaintiff's termination from employment."); Gies v. Flack, 495 F. Supp.2d 854, 867 (S.D. Ohio 2007) (noting that, with respect to protected liberty interests, the Sixth Circuit has concluded that "nothing short of termination constitutes a constitutional violation."); Lisle v. Metropolitan Gov't of Nashville & Davidson Cty., 73 F. App'x 782, 789 (6th Cir. 2003) ("where a state employee was not terminated incident to the unfavorable statement, there was no violation of the liberty interest protected by the Due Process Clauses."); Ludwig v. Board of Trustees of Ferris State Univ., 123 F.3d 404, 410 (6th Cir. 1997) ("An injury to a person's reputation, good name, honor, or integrity constitutes the deprivation of a liberty interest when the injury occurs in connection with an employee's termination.").

Plaintiff's Amended Complaint alleges that he was placed on administrative leave and then "constructively discharged" because of "intolerable" work conditions. (Am. Compl. ¶¶ 12, 21.) Citing Hill v. Borough of Kutztown, 455 F.3d 225 (3d Cir. 2006) and Ridpath v. Board of Governors, Marshall University, 447 F.3d 292 (4th Cir. 2006), Plaintiff argues that his "significant demotion" and "constructive discharge" are sufficient to satisfy the "stigma-plus" test. While this may be the law in other circuits, Sixth Circuit law is clear that the stigmatizing statements must be

made in connection with a termination. Since Plaintiff does not allege that he was terminated, he cannot establish he was deprived of a protected liberty interest.

Moreover, even if Plaintiff's allegations were sufficient to establish a protected liberty interest, Plaintiff has failed to plead the inadequacy of state remedies as required by <u>Parratt v. Taylor</u>, 451 U.S. 527 (1981). <u>See</u> <u>Jefferson v. Jefferson County Public Sch. Sys.</u>, 360 F.3d 583, 588 (6th Cir. 2004). Even viewing the Amended Complaint in a light most favorable to Plaintiff, Plaintiff has failed to adequately allege a procedural due process violation. Defendants are, therefore, entitled to dismissal of Plaintiff's Fourteenth Amendment due process claims.

### IV. Conclusion

For the reasons stated above, Defendants' Motion to Dismiss the Amended Complaint (Doc. 10) is **GRANTED.**

**IT IS SO ORDERED.**

Date: December 3, 2009            **/s/ John D. Holschuh**
John D. Holschuh, Judge
United States District Court